May it please the Court, John Sampson, Assistant Attorney General for the Appellant. I'll try to reserve two minutes for rebuttal. I'll watch the clock. Your Honors, 2254E to the habeas statute bars an evidentiary hearing where the petitioner has failed to develop the record in state court and the petitioner does not satisfy the requirements of the statute. In this case, the district court failed to apply the statute. The district court essentially determined it would be unfair to apply the statute and granted an evidentiary hearing. Let's say we're in the land of Martinez, right? No, Your Honor. Why not? We did not assert a procedural default. Well, wait a minute, though. This claim arises in the context of a Martinez claim, right? Forget procedural bar for just a moment. Is that right? No, Your Honor. There's no merits ruling, right? Well, Your Honor, in this interlocutory appeal, that's not an issue before the court. We did argue below in the district court. The district court rejected it that there was a merits ruling. So that's an issue that we would raise. So that's where the district court was coming from when it made this decision about to have a hearing. There's no merits ruling, right? Yes. And so to Judge Pius' point, which I share, the same concern. Hill didn't get a merits ruling, and surely it's the state's position that's because Hill tripped up some procedural rule. Otherwise, he would have had one, right? It's not the state's fault that Hill didn't get a merits ruling, is it? No, it's not the state's fault. But Pinholster, Coleman v. Pinholster, specifically said that 2254E2 still applies even when there is no adjudication in state court. And what Martinez applies to is where the state actually asserts a procedural bar and says this claim is procedural barred, do not reach the merits. We are saying district court reached the merits of the claim. So when you say that, which you say repeatedly in your briefing, are you talking about reaching the merits of the underlying IAC claim, the trial counsel IAC claim? Yes, Your Honor. And I think, reading between the lines, the reason you're taking that position is because Martinez said that there will be a merits ruling when we have these two levels of IAC, right? When the reason there wasn't a merits ruling is, at least allegedly, IAC, the defendant has to have an opportunity to show that that might be excused, an opportunity to show cause and prejudice. Martinez applies as an equitable rule to show cause to excuse a procedural bar, not to allow the petitioner to present evidence on the merits of his claim. If your argument is that you're not asserting procedural bar and there's been no, and we take the case in the posture that it is to us, there's been no ruling by the Washington Supreme Court on this particular IAC claim. If that's the case, I don't see how Penholster applies and I don't see how, why there's a bar when there's been no ruling by the state court on this particular claim. Your Honor, the part of Penholster we're relying on is the part that says that 2254E2 applies even if the claim has not been adjudicated. The court in Penholster, the majority of the Penholster decision governs 2254D, but there is language that talks about 2254E applies separate from 2254D. And so what 2254E2 says is that you can have the merits resolved or reviewed and if there is no state court adjudication, then it's a de novo review. But the statute still applies. And as this court recognized in Lopez versus Ryan, the court will have to extend Martinez in order to say 2254E2 does not bar an evidentiary hearing on the claim. You could have raised procedural bar, is that correct? We could have. You could have. If you had done so, then Martinez would kick in and then he would have his rights to do so? That's correct, Your Honor. So whether or not he gets a full hearing on the IAC claim depends on whether the state decides to invoke procedural bar or not. Your Honor. He can now control his case and there's nothing more he can do. So if you accidentally said we invoke procedural bar, that would be it and he'd get the hearing. He'd get a Martinez hearing. But if you're careful in your language and don't use those words procedural bar, then he can't do it. Is that correct? No, Your Honor, because the misunderstanding is he's getting a hearing on the merits of the claim. Well, on the merits with no evidence, right? No, it's the evidence that was presented in state court. But the claim was never considered. The claim wasn't made. That's his fault and the statute bars him. That is the state's position. The state's position must be that it's his fault. Surely it's his fault if he didn't get a merits ruling. And what Martinez teaches us is that there needs to be an opportunity for him to at least show that that should be excused. It's not a hearing on the claim. This is Justice Scalia's argument, but it was not a prevailing argument in Martinez. No, I disagree, Your Honor, because Martinez in this court and Dickens and Dietrich said when you're dealing with cause, cause is not the claim. Right. If you go to the merits, then you are talking about the claim. And what this court is going to have to do is apply an equitable rule to overcome a statute, the plain language of the statute. This court is going to have to say our rule of equity trumps the statute. But that's exactly what Justice Scalia complained of in Martinez. But what the court in Martinez said was that because it is the cause issue, it is not a constitutional claim we're talking about. Right, which is why E2 didn't bar the hearing. Right. E2 does not bar the hearing on the issue of cause. But when you move to the claim, then you are talking about the merits of the constitutional claim. So if counsel, I think that the last thing you just said I may agree with you about. If you're talking about the district court wanting to move to the claim, i.e., the underlying claim and skipping the first step, I think you may have a point. But why would we skip the first step? If he has to show, right, if he has to show an excuse for the failure to get a merits hearing in state court, why shouldn't he have to have the very same burden he would have in what we have previously called or referred to as a Martinez hearing? Because, Your Honor, we did not assert a procedural bar. Yes, but that gets back to Judge Bybee's point, which is then his fate is in your hands in terms of his strategy going forward. Well, he could go back to state court and try to present this evidence to state court, and he has not done that. Well, maybe in a different case he would have to do that. But at this point, this comes up to us on an interlocutory review about whether there's going to be a hearing. If we don't agree with you that this is all going to pivot upon whether or not the state has or has not asserted a procedural default, if we instead say, hey, there's no merits ruling, the district court decided that, having decided that, surely it's not the state's fault, but Hill should have an opportunity to demonstrate why he should be excused, then isn't it your position that he has to do both levels? He shouldn't be relieved of either level at the hearing, just as though it had been a Martinez hearing? It would be our position that whenever the court reaches the actual merits of the claim. Now you're talking about merits. You're talking about reaching the underlying. Right. So that begs my question. My question is why should he be relieved of either step? Well, he's relieved of the need to show cause because we did not assert a procedural bar, and that is the state's fault. I'm asking you to expand your horizons. Right. If you lose on that point, isn't it the case that he should have to prove both levels, just as he would in a Martinez hearing? He would. Okay. He would. Counsel, what happens if he goes back to state court? The state court would then determine, the prosecutor would determine whether or not to assert a procedural defense,  I'm sorry. Go ahead. If he presented evidence to the state court and the state court did not strike that evidence, then it would be part of the state court record. Here, he presented some evidence to the state court. He just didn't present all of his evidence to the state court. But if he went back now and the state court said, you've been here before, you should have raised it the first time you were here, you're done, can he come back? Can he come back to this court and say, well, I've presented it, and you'll say, no, there's a procedural bar? Won't you have to say that there's a procedural bar, and then can he get Martinez? I'm just wondering if there's another step he has to take here, but the result is always going to be the same. No, Your Honor. We may not assert a procedural bar, as we did in this case. We may not assert a procedural bar. What would you say if the state court said, you've already been here once, and you didn't raise it the first time, so you're done? It would be the state's choice whether to raise the affirmative defense. Well, what would you say? We would say what we did here, address the merits of the claim. And that's what we've said, and that's what the court granted the hearing on, was the merits. Can only the state raise a procedural bar? In other words, could the federal court raise the procedural bar itself? Your Honor, I think that there have been rare instances where a court has raised a procedural bar, but I think this court has looked down on that, and this court has actually held where it's – In the context of this case, though, why couldn't the federal court say? You're asking us to decide this case on the merits. We have no – he wants to present this evidence. You're saying we can't consider it. Technically, it was procedurally barred, and we're going to require – we're going to go through the Martinez Procedure Act. Can the state waive the procedural bar? The state can waive it. If you haven't invoked it, why haven't you waived it? You have, and under this court's case law, if you don't raise it as a defense, it's an affirmative defense, you waive it. And that was in Morrison v. Mahoney, and I see I'm out of time, Your Honor. I'll give you a minute for rebuttal. Thank you, Your Honor. Good morning, Your Honors. My name is Suzanne Lee Elliott, and I represent Mr. Hill, and I'd like to take a couple of steps back here. First, Mr. Hill would be barred if he went back to state court. He'd be time barred. He'd have a second or successive petition. So it is, well, I suppose we could go through the mechanics of a stay-in-the-bay and go back and get that ruling. You know Washington law as well as I do, and Mr. Hill would have no opportunity to present this additional evidence in state court. So what the government's argument here is, is that really the Supreme Court of the United States did nothing in Martinez. They said, here's what they said, if we assert a procedural bar, or if we do not assert a procedural bar, I want to be clear that they're not using the word waived because there's a statutory provision, 28 U.S.C. 2254b-3, that talks about waiver and says it has to be signed by the attorney. Now you're confusing exhaustion. Exhaustion. Right. But the word waive and not assert, I think, are two different things. Or exhaustion and procedural bar. And so, right, in this circumstance he wouldn't have to waive it in writing. He wouldn't have to waive it in writing, but they're not saying they waived it. They're saying they're not asserting it. That leads me to believe that at some point they may assert it. Usually the language when it's not waiver is usually a conscious thing, and the technical term is that they forfeited it. Right. But they're careful to use the word not assert, which I'm not exactly sure what they mean by that. So if we, if you then. What he means by that, he just told you, which is that's typically an affirmative defense, and he's not asserting it. And we certainly acknowledge that typically, I mean, this is a different animal. It really feels like you've switched chairs here today to be arguing what you're arguing. But be that as it may, he's not asserting that affirmative defense, and that's his, the state doesn't have to do that. He says that's his right. Any case where we've required a party to assert an affirmative defense. Yes, he says that's his right. And that is a tactic by the state in this particular case, or in the cases that it chooses to, to avoid the equitable ruling in Martinez. Clearly you're not asking us to require him to assert an affirmative defense, are you? No, but I'm saying that he can't waive it to get around Martinez. Right. So what are you saying that we should do? Are you saying the state, excuse me, forgive me, that the court should require adjudication along the line of cases that Judge Pius has referred to? Yes, the court should. And of the procedural default? Of the procedural default, and then move on to the Martinez claim, the equitable portion of the Martinez ruling. Now his position is that under Martinez, the intersection of Pinholster and Martinez allow us to go on to the district court and present cause. But I still think it's the government's position then that no matter what evidence you develop about cause in the district court, Pinholster still applies to any evidence that you've developed, and the court can't consider that at the underlying merits phase. That's his position, all right. Yes. Do you read the district court's order that is on appeal to say that the hearing is going to be only on the underlying trial counsel IAC? No, I think it's a combination of IAC and IAC on the post-conviction proceedings. So when the state keeps saying they want to go to the merits, I just want to be sure your position is not that you expect to be relieved of any burden that you would otherwise have in a Martinez hearing. Is that right? No, although I think I've shown cause and I think I've shown a substantial claim. You just said no, and I think the answer has to be yes. So just to be clear, we're talking over each other. Your intention is at this hearing you're going to be required to show what you would have to show at a Martinez hearing. Yes. And perhaps I'm misunderstanding or perhaps I'm just stuck in my defense perspective, but it's always been my opinion that at a Martinez hearing I have to show cause, I have to show prejudice, I have to show that I'm going to win to get anywhere. Now, that somewhat collapses the two. The underlying merit. And I think that's what the magistrate was saying here. Look, you're never going to get anywhere. Well, I agree, and I appreciate that they do sort of collapse, but I just wanted to be clear because part of the magistrate's order and certainly part of the state's briefing suggests that they want to go to the merits, meaning to the underlying. And I heard you loud and clearly in your briefing say, well, you want to go to the merits, but there isn't any evidence from which the claim could be adjudicated. But I think you've answered my question by having a vision of a Martinez hearing. Yes, and perhaps I'm just misunderstanding you. The government and I have very different views of what the merits are. I view the merits as that evidence that I have now developed, which Martinez says I can then present de novo because I have never had or Mr. Hill has never had his first fair round of examination of all of the facts that we developed. He's saying, well, no, pinholster sneaks in here, right here, and no matter what evidence you develop now, the federal court can't consider that. So the merits is always going to be limited to the paucity of evidence that was developed by a pro se defendant in the Washington State Courts of Appeal from prison without counsel. Can I ask you a question about that evidence? Kind of a silly approach. Your client had PCR counsel. He did. And then when he got new counsel, there was an opportunity, well, there was a petition, what was called a petition for a rehearing, and asked the Washington Supreme Court to take a look at some of this new evidence. Yes. The attorney declarations in particular. Yes. What I'm having trouble with is I think his name is Dr. Whitehall. I think his declaration, it appears in the excerpt with a Supreme Court case caption on it, but the briefing tells me that that was not submitted to the Washington State Supreme Court. There were two different declarations. Was one of them submitted? Yes. And one, then there became a question about the disassociation and the PTSD and its relationship to the intent here. And so there was a second declaration by Dr. Whitehall in the federal court that expanded upon the declaration that he had given to the Washington State Supreme Court. But the Washington State Supreme Court, remember we did that? I don't want to get into the weeds, but it was untimely. There was this last ditch effort to kind of save it in state court. Yes. And so getting back to the technically exhaustive procedurally defaulted issue, it seems to me it's not that this went without mention in the or at least attempt to mention this claim, raise it in front of the Washington State Supreme Court, but it was deemed untimely. Yes. All right. But I just want to be clear, there were two declarations. If you want to see that there's, I can see there's a difference that it's, you know, and we have different evidence, medical evidence on appeal, and we also, I mean, in the district court, and also more information from Dr. Whitehall about the fact that he had been, the trial attorney had never asked him about the competence. Right, right, and I've read that. Okay. Okay. Thank you. I think the court understands our position here. I agree that Martinez is an equitable relief, at least at the show cause stage, but what the government is arguing here is that Martinez is essentially a frolic in a detour and that as long as pinholster and the statute are out there, we don't get to have a full and fair hearing. Thank you. Okay. Thank you. Thank you, Your Honor. The evidentiary hearing is on the merits of the trial counsel ineffectiveness. This is page 40 of the excerpt of the record. The magistrate judge said since the state is not asserting a procedural default, the only remaining issue is whether or not trial counsel provided adequate representation. The issue of appellate counsel's and PCR counsel's ineffectiveness is irrelevant. He then grants a hearing on the merits. The doctor's declaration, he did submit one to the state supreme court. It was a very conclusionary declaration. His subsequent declarations were only presented in federal court. So it's our position that the statute requires the court's review be what was presented to the state court since the hearing is actually on the merits of the claim and not on the issue of cause, and I would submit that this court would not only have to go beyond pinholster, would have to create a new rule and actually overturn the statute by applying an equitable rule. Okay. Thank you, Your Honor. Thank you. Matter submitted.
judges: Paez, Bybee, Christen